Nash, J.
 

 This is ah action of debt.
 

 The only question presented by the case, is as to the manner, in which the defendant has disposed of the assets
 
 *54
 
 of his intestate. It is admitted that they have been exhausted in the payment o-f the just claims o.f creditors. The plaintiff contends, that in administering them, the defendant has been guilty of a
 
 devastavit
 
 and must answer his claim
 
 de bonis propriis.
 
 The situation of an executor is one full of peril, and it often requires great caution to discharge correctly his trust. The law, whether wisely or not, is not now to be enquired of, has made a discrimination between the debts of a deceased person, as to the order in which they shall be paid and, if in discharging them, this order is knowingly vio-1 ited by the oxeentor, it subjects him to the liability of paying, out of his own property', the creditor, who has been injured. Among debts, however, of equal dignity, it is his privilege to pay which he ©hoses, and, if there be not assets sufficient to pay all, he does no legal injury to any one. The privilege is taken from him, by the bring- | of an action at law, or the commencing of a suit in equity, by the equal creditor. His hands are then tied, as to a voluntary payment, without suit. In this State, all bonds, bills, and promissory notes, and liquidated accounts, settled and signed, stand in the same rank, and have precedence, in the course of administration, over open accounts, and verbal promises, or liabilities created by operation of law. If we understand the ground, upon which the plaintiff attempts to charge the defendant with a
 
 devastavit,
 
 it is, that the bringing af the suit by Mr. Harper, so fixed the assets in the hands of the defendant, that he could not pay a debt of equal dignity, without a violation of his duty. Sq far as Mr. Harper was interested, the position is correct, but unfortunately for the argument, Mr. Harper has no longer any- interest in this matter. At the return term of his writ, he entered a
 
 rtol.
 
 p'os. as to the defendant, cut himself loose from him and abandoned, so far as his prior claim extended upon the assets of Hoover, all claim upon the defendant. Itn-
 
 *55
 
 mediately upon this discharge, the administrator was at liberty to pay any debt due from the estate, of equal dignity, and this privilege continued until suit was brought against him, upon some claim of the same or some higher class. By the common law, a surety, who pays the specialty debt of his principal, whether with or without suit, has a claim against his principal for so much money paid to his use. 2
 
 Wil on Ex’rs,
 
 369. The law is altered with us as to the administration of assets. Rev, Statv 113,
 
 Sec-
 
 4. In such case, the Statute declares, “the claim of the surety against the executor or administrator of his principal,shall have the same priority against the assets, as belonged to the demand of the creditor.” The most this action has done, is to transfer to the surety, against the executor or administrator, the right of him, whose claim he has discharged. Beyond this, it does not go, nor did it intend to go, and before the privilege conferred by it can be claimed, the debt must be discharged ■by the surety. This was not done by the plaintiff, until ■after all the assets had been administered in the payment of bond creditors. His right was not, and could not be greater than Harper’s. And by the
 
 not pros,
 
 the latter had abandoned his lien, and stood upon an equality-, and only with an equality with other bond creditors, as if ho had not brought that action. Until he commenced upon his bond another suit, the right of the administrator to prefer another creditor, equal in degree, was not disturbed. 1
 
 Saun.
 
 332,
 
 a. n.
 
 8. In the case before us, the judgment against the plaintiff was obtained at August Term, 1843, of Randolph County Court. After that term it was discharged by him- on the 7th of February. 1844. He commenced this action the 10tin of February, 1844, after the exhaustion of the assets in the payment of debts of equal dignity.
 

 The defendant, in paying those debts, violated no duty, and was guilty of no
 
 devastavit.
 

 
 *56
 
 His Honor, after giving judgment in favor of the defendant, upon his plea of fully administered, went further, and gave judgment, that the plaintiff recover his debt and costs of suit, out of the real estate of the defendant’s intestate, in the hands of his heirs at law ; from which judgment, plaintiff appealed. We are, therefore, to consider that the latter judgment was not asked for by the plaintiff; the case does not so state, and we cannot suppose, in the absence of all evidence in the case, to the contrary, that he appealed from his own judgment.
 

 This was an error on the part of the presiding Judge, for which the judgment must be reversed and the case remanded, that the plaintiff may take a judgment
 
 quando,
 
 or against the land at his option, or neither.
 

 Ruffin, C. J.
 

 The question upon the case agreed de-
 

 pends simply upon the operation of the Act of 1829, on the plea of pierce
 
 administmvit.
 
 It enacts that the claim of a surety, who pays the debt, shall have the same priority against the assets in the hands of the principal’s executor, as belonged to the demand of the creditor, which was thus discharged.
 
 Rev, Stat. Ch.
 
 113,
 
 Sec.
 
 4. The whole effect of that is to keep up the dignity of the debt, though paid, for the benefit of the surety, as it was in the hands of the original creditor.
 
 Chaffin
 
 v.
 
 Hanes,
 
 4 Dev. 103. This debt was due by note, and it never attained a higher dignity against the principal or his administrator. Until the administrator was sued, he could apply the assets to any other note or bond. After the suit brought and discontinued, he had the like libeity ; for, the case was then the same as if no suit had been brought. When sued on other specialties, the administrator could not defend the actions by pleading the former suit on this note, for it no longer bound the assets, and the pleas in the subsequent suits must state the assels truly at the time of the pleas. Clearly then, as the admin
 
 *57
 
 istrator could not resist the recoveries of the other bond creditors, he would not have been liable to Harper for the assets applied to their discharge, had he brought a second suit on the note after those recoveries. The same rule is applied by the Statute to the debt in the hands of the surety, for whose benefit the dignity of the debt, acquired in the hands of the creditor, i$ retained, but is raised no higher. Upon these grounds I concur with my brother Nash, that the defendant was entitled, upon the case agreed, to judgment on his plea of fully administered.
 

 For the reasons given by him, I am also of opinion, it was erroneous, without a prayer to that effect, to give judgment in such a form as to compel the plaintiff to go against the lands descended ; and that, to that extent, the judgment must be reversed, so as to let in the plaintiff to take that judgment or one
 
 quando,
 
 at his election. And to enable him to proceed on either of those judgments the more conveniently, the ease must be remitted to the Superior Court, so that the judgment may be en. tered there, in order that the
 
 scieri facias
 
 on it may issue from that Court, instead of this.